NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRANCISCA LORENZO, | Civil Action No. 17-11640 (CCC) |
| Petitioner, | |
| v. | **MEMORANDUM OPINION** |
| ERIC M. TAYLOR, et al. | |
| Respondents. | |

**CECCHI, District Judge.**

This matter comes before the Court on a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging the constitutionality of Petitioner's immigration detention. At this time, the Court must screen the Petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b). For the reasons stated below, the Petition is dismissed.[1]

The following facts are as alleged in the Petition, which the Court accepts as true for the purposes of this Opinion. Petitioner is a lawful permanent resident ("LPR") from Cuba. On October 3, 2014, she returned to the United States from Cuba, but was detained by immigration officials who presumably had reasons to believe that she was not admissible into the country. She was paroled into the country under 8 U.S.C. § 1182(d)(5), pending the outcome of her admissibility determination. On October 25, 2017, as part of her conditions for parole, she reported to the Newark District office for Enforcement and Removal, at which time her parole was revoked and

---

[1] Because the Court is dismissing the Petition, Petitioner's motions for an order to show cause, ECF Nos. 7, 8, will be administratively terminated as moot.

she was taken into custody.[2] Immigration officials informed her that she was mandatorily detained pursuant to 8 U.S.C. § 1226(c) as a deportable alien based on a criminal conviction in New Jersey on September 21, 2001. She filed the instant Petition on November 15, 2017, challenging her detention as unconstitutional.

Petitioner asserts that her revocation of parole was unconstitutional. However, courts in this district and other circuit courts hold that the decision to parole for immigration detainees is within the sole discretion of the Attorney General, and federal district courts do not have jurisdiction under federal law to review such decisions. *See Shimisany v. Thompson*, No. 16-1755, 2017 WL 592160, at *3 (D.N.J. Feb. 14, 2017); *Naul v. Gonzales*, No. 05-4627, 2007 WL 1217987, at *1 (D.N.J. Apr. 23, 2007); *Giammarco v. Kerlikowske*, 665 F. App'x 24, 25 (2d Cir. 2016); *Bolante v. Keisler*, 506 F.3d 618, 621 (7th Cir. 2007); *see also* 8 U.S.C. § 1252(a)(2)(B)(ii). To the extent Petitioner argues her immigration parole is analogous to parole in the criminal context, there is no constitutional right to parole. *See Swarthout v. Cooke*, 562 U.S. 216, 220 (2011). A state may create a right to parole for convicted prisoners by state law, which would trigger constitutional procedural protection, *see id.*, but neither the language of § 1182(d)(5) nor any case law supports the proposition that § 1182(d)(5) creates a liberty interest to parole for immigration detainees.

Petitioner also challenges the determination by immigration officials that she is subject to mandatory detention under § 1226(c). However, Petitioner was notified by immigration officials

---

[2] Petitioner argues that her parole was never "formally" revoked. Nonetheless, "parole of [Petitioner is] not . . . regarded as an admission of" Petitioner into the United States. 8 U.S.C. § 1182(d)(5)(A). Moreover, "when the purposes of such parole shall, in the opinion of the Attorney General, have been served the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States." *Id.* Consequently, it appears the detention of Petitioner did indeed "formally" revoke her parole.

2

that she can challenge such a decision with the immigration court, and she in fact did assert her right to such a challenge. (ECF No. 1 at 18). That decision is not reviewable by this Court. *See Davidson v. Green*, No. 16-3704, 2017 WL 1250991, at *1 n.1 (D.N.J. Mar. 24, 2017); 8 U.S.C. § 1226(e). Because Petitioner does not assert a claim justiciable by this Court, the Petition is dismissed for lack of jurisdiction.

Date: February 28, 2018

_____
Claire C. Cecchi, U.S.D.J.